UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



| | | |
|---|---|---|
| VINCENT VICTOR ROGGIO, | : | CASE NO. 93-1842-CIV-ROETTGER |
| Movant, | : | 85-764-CR-SPELLMAN |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **REPORT AND RECOMMENDATION** |
| Respondent. | : | |

| | | |
|---|---|---|
| VINCENT VICTOR ROGGIO | : | CASE NO. 93-8458-CIV-ROETTGER |
| Movant, | : | 84-8069-CR-SPELLMAN |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | **REPORT AND RECOMMENDATION** |

THIS CAUSE is before the Court on the movant's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 and was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation.

This movant has filed, over the course of the past ten years, an avalanche of motions attacking his convictions and the sentences imposed in Case Number 85-764-CR-ROETTGER (SPELLMAN) and 84-8069-CR-ROETTGER (SPELLMAN). Two sets of these pleadings, in each of the criminal case, were deemed motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.


In 1992, the undersigned issued a Report and Recommendation as to the movant's second collateral attack on his convictions (as to which the Government had argued that the motions should be dismissed pursuant to Rule 9(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, as successive motions and for abuse of the writ). The undersigned recommended that the motions be dismissed, citing McCleskey v. Zant, 111 S.Ct. 1454 (1191), and denied as utterly devoid of merit.

This Court adopted the report and recommendation and denied the motions. The movant elected not to appeal, despite his proclivity for litigation at the trial and appellate levels. The Report and Recommendation issued in April 1992 (a copy of which is attached) concluded with the following comments:

> As noted above, the McCleskey court recognized the heavy burden collateral litigation imposed upon scarce federal judicial resources, thereby limiting time which may be spent resolving primary factual disputes. The instant case clearly illustrates the legitimacy of that concern. The movant has caused the expenditure of countless hours of judicial time in the trial and appellate courts in his efforts to litigate and relitigate the same issues in various guises. The undersigned believes, based upon the principles set forth in McCleskey and in 28 U.S.C. § 2244, that no additional expenditure of resources is warranted, and the movant's conviction should be deemed valid and final.

Undaunted, the movant, who is now on parole, has filed yet another § 2255 motion in each of his criminal cases. Once

again, the Government has pleaded, with clarity and particularity, that these motions should be dismissed pursuant to Rule 9(b) as successive motions and for abuse of the writ. And again, the movant has demonstrated no valid cause and prejudice for his failure to raise any arguably new issues in his prior § 2255 motions.

The undersigned adopts the arguments set forth in the Government's response (as corrected) pertaining to the myriad procedural bars to the instant motions, and declines to reach the merits of the movant's claims. Macklin v. Singletary, 24 F.2d 1307 (11th Cir. 1994). The instant motions should be summarily denied, and this Court may wish to consider the admittedly drastic, but not unprecedented, step of enjoining the movant from filing any further attacks on his convictions in the instant criminal cases.

## CONCLUSION

This Court has reviewed carefully the record in this matter as well as the applicable law, and being fully advised in the premises, it is hereby

RECOMMENDED that the Motions to Vacate, Set Aside, or Correct Sentence be DISMISSED PURSUANT TO RULE 9(b), RULES GOVERNING PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Norman C.

Roettger, Chief United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. 1982) (<u>en banc</u>).

    DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of October, 1995.

<div style="text-align:right">
LURANA S. SNOW<br>
UNITED STATES MAGISTRATE JUDGE
</div>

Copies to:

Mr. Vincent Victor Roggio
William M. Kunstler, Esq.
Vincent D. Roggio, Esq.
Scott Srebnick, Esq.
AUSA Caroline Heck (MIA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 91-8425-Civ-ROETTGER
84-8069-Cr-~~SPELLMAN~~ ZLOCH NCR

VINCENT VICTOR ROGGIO,   :

    Movant,   :

vs.   :

UNITED STATES OF AMERICA,   :

    Respondent.   :

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the movant's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. §2255 and was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation.

## PROCEDURAL HISTORY

The movant was charged on August 7, 1984, in a six-count indictment, Case Number 84-8069-Cr-SPELLMAN (Government's Response, Attachment 1). Counts I, II and III charged mail fraud, in violation of 18 U.S.C. §1341; counts IV, V and VI charged causing materially false statements to be made to federally insured banks, in violation of 18 U.S.C. §1014. On October 3, 1985, the movant was indicted again in this District, Case Number 85-764, in a single-count indictment which charged causing materially false statements

to be made to a federally insured savings and loan association, in violation of 18 U.S.C. §1014 (Government's Response, Attachment 2).

Case Numbers 84-8069 and 85-764 were consolidated. Following a 10 1/2 week jury trial, the movant was convicted on all counts. On the first indictment, he was sentenced to five-year terms on each of the mail fraud charges, Counts I, II and III, with two of the terms to run consecutively, and to five years probation on the false statement charges, Counts IV, V and VI, with restitution as a condition of probation. On the second indictment, he was sentenced to two years' incarceration, to run consecutively to the other jail terms, for a total term of imprisonment of 12 years (Government's Response, Attachment 3).

The movant appealed from his convictions, which were affirmed by the Eleventh Circuit Court of Appeals. United States v. Roggio, 863 F.2d 41 (11th Cir.), cert. denied, ___ U.S. ___, 109 S.Ct. 3164 (1989).

The movant filed a motion in the District Court for relief pursuant to 28 U.S.C. §2255 (Docket Entry 363), together with ancillary pleadings (see, e.g., Docket Entries 367, 372, 375, 376, 377), which relief was denied, based on de novo review of the record (Docket Entry 379). The movant then sought to appeal from this denial (Docket Entry 382), which appeal was dismissed as premature owing to the movant's

continued filings in the District Court. Both before and after this dismissal, the movant continued to file new pleadings in the District Court, including motions for reconsideration (Docket Entries 380, 381, 384, 422, 432); for dismissal of the indictment (Docket Entries 395, 411, 414); and for relief pursuant to Fed.R.Crim.P. 35(a) (Docket Entry 383). These motions to the District Court were denied (Docket Entries 405, 408, 410, 423, 424, 428, 433), and the movant filed further Notices of Appeal therefrom (Docket Entries 427, 429, 434).

In the Eleventh Circuit, two of these further notices of appeal (Docket Entries 427, 434) ripened into appeals which were briefed on the merits, consolidated, and disposed of by the Court of Appeals with a _per curiam_ affirmance of the District Court's action in the collateral attacks.[1] United States v. Vincent Victor Roggio, Case Number 90-5247; 90-5412 (11th Cir. July 2, 1991) (unpublished) (Government's Response, Attachment 4).

While this Eleventh Circuit consolidated appeal was pending, the movant filed another motion for relief pursuant

---

[1] In the Eleventh Circuit, Docket Entry 427 became Case Number 90-5247; Docket Entry 429 became Case Number 90-5258; Docket Entry 434 became Case Number 90-5412. Case Numbers 90-5247 and 90-5412 were consolidated and ruled on; Case Numbers 90-5258 was dismissed by the Eleventh Circuit as moot, see Docket Entry 439.

to Fed.R.Crim.P. 35(a) (Docket Entry 436), which the District Court denied for lack of jurisdiction owing to the pending appeal (Docket Entry 445). The movant renewed this motion for relief pursuant to Rule 35 (Docket Entry 454). It was denied (Docket Entry 458); the movant filed a Notice of Appeal (Docket Entry 459), which appeal (Eleventh Circuit Case Number 92-5340) was dismissed for non-prosecution by the movant (Government's Response, Attachment 5).

In his initial motion pursuant to §2255 and related pleadings, the movant raised the following grounds for relief:

> (1) Counts I, II and III do not allege a cognizable federal offense for these three counts fail to charge four essential elements necessary to charge a defendant with making a false statement to a federally insured bank;
>
> (2) An essential element of both bank fraud and mail fraud is the identification of the victim or target of the alleged scheme to defraud;
>
> (3) Counts I, II and III should be dismissed, for without the identification of whom the alleged victims are, the indictment does not permit the appellant to plead double jeopardy;
>
> (4) Counts I, II and III should be dismissed, for these counts do not allege that the appellant deprived any victim or victims of money or property required under McNally;
>
> (5) The aforementioned issues were exacerbated by the Court's jury instructions;
>
> (6) The trial court's jury instructions constructively amended the indictment (by failing to mention as to Counts I, II and III that the victim banks were insured by the FDIC);

4

(7) The indictment improperly charged in Counts I, II and III violations of 18 U.S.C. §1341 where the criminal violations alleged were violations of 18 U.S.C. §1014;

(8) The trial court lacked venue and jurisdiction to try the case in the Southern District of Florida;

(9) The movant was indicted and convicted on a theory of criminality which has no foundation in law and fact;

(10) The court erred in altering its pattern jury instruction and permitting the Government to argue that a co-defendant's guilty plea was substantive evidence of the movant's guilt;

(11) The movant was denied his Sixth Amendment right to counsel and his right to be present at a critical stage of the proceedings when the trial court had an unrecorded meeting in Chambers on the last day of trial, during which counsel for the movant and the Government discussed the movant's letter relating to his counsel's lack of preparation and unwillingness to defend;

(12) The movant never waived his right to counsel;

(13) The movant was denied his theory of defense instruction;

(14) The theory of defense instruction utilized by the Court resulted in the elimination of the Government's burden of proof on the issue of willfulness.

(Briefs on appeal on the movant's initial requests for post-conviction relief, Government's Response, Attachments 6-8.)

The instant motion (designated by the movant as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §§2241 and 2243, but in actuality a motion to vacate, set

aside or correct sentence pursuant to 28 U.S.C. §2255),[2] raises the following grounds for relief:

(1) The movant was sentenced to ten years imprisonment for making two false statements to two federally insured banks, when the maximum sentence was two years for each false statement;

(2) The sentencing judge was without jurisdiction to sentence the movant because the Government improperly included two elements of bank fraud and one element of mail fraud in Counts I through III of the indictment, and charged two separate jurisdictional elements of bank fraud in Counts IV through VI; and

(3) The court illegally sentenced the movant to 15 years imprisonment on Counts I through III when these counts failed to allege the essential elements of bank fraud.

The Government, in its Response, contends that the motion should be denied as a successive petition or for abuse of the writ; as procedurally barred for failure to raise the issues on direct appeal; and as devoid of merit. In a Reply to the Government's Response, the movant argues that this Court should consider his motion because the district court and the Eleventh Circuit Court of Appeals have refused to address the merits of the issues in prior proceedings; because the issue of lack of jurisdiction may be raised at any time;

---

[2] The motion was filed in the Western District of Tennessee. It was construed by that court as a motion pursuant to 28 U.S.C. §2255 and transferred to this District. In the Order Construing Habeas Petition as Motion Under 28 U.S.C. §2255 and Transferring Case (attached to this Report), the court noted that the movant had filed a prior petition under 28 U.S.C. §2241.

and the interests of justice require consideration of the movant's claims.

and the interests of justice require consideration of the movant's claims.

## RECOMMENDATIONS OF LAW

Rule 9(b) of the Rules Governing Habeas Corpus Proceedings provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

In McCleskey v. Zant, ___ U.S. ___, 111 S.Ct. 1454 (1991), the Supreme Court established the standards which are to be applied in determining whether a habeas petitioner has abused the writ. The Court held that the "cause and prejudice" analysis utilized in deciding whether a habeas claim is barred by procedural default is applicable to a determination of inexcusable neglect in the abuse of the writ context. Id., at 1468.

In reaching this conclusion, the Court noted that the "doctrines of procedural default and abuse of the writ implicate nearly identical concerns flowing from the significant costs of federal habeas corpus review." Id. These considerations include the facts that the writ "strikes at finality"; that "collateral litigation places a heavy burden on scarce federal judicial resources and threatens the

capacity of the system to resolve primary disputes"; and that "habeas corpus review may give litigants incentives to withhold claims for manipulative purposes and may establish disincentives to present claims when evidence is fresh." Id., at 1468-1469.

Accordingly, the McCleskey Court set forth the following procedures to be employed where new grounds are alleged in a second or subsequent habeas corpus petition:

> When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that the petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failure to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot meet this standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonethless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

Id., at 1470.

The Court also observed that in procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim at the trial level. Objective facts sufficient to demonstrate cause include

8

interference by officials that makes compliance with the state's procedures impracticable; a showing that the factual or legal basis for a claim was not reasonably available to counsel, and constitutionally ineffective assistance of counsel. Id. The Court also noted that a petitioner who cannot demonstrate cause and prejudice, may nevertheless come within the miscarriage of justice exception to these requirements where he "supplements a constitutional claim with a 'colorable showing of factual innocence.'" Id., at 1471, quoting Kuhlman v. Wilson, 477 U.S. 436, 454 (1986).

In the instant case, it appears that the movant has raised the same issues asserted in his motion in many of his myriad of prior pleadings attacking his conviction. Indeed, the movant concedes this when he asserts in his Reply to the Government's Response that he "has attempted for 2 1/2 years to have both the district court and the Eleventh Circuit Court of Appeals address any of his issues including some of those contained in this writ." (Reply, p. 2).

To the extent that the issues raised in this motion were raised in prior collateral attacks filed by the movant, they constitute a successive petition which should be dismissed pursuant to Rule 9(b). If the movant's rephrasing of these issues in jurisdictional terms is construed by the Court as transforming the issues into "new and different

grounds," then the motion should be denied as an abuse of the writ.

The movant has not alleged any cause for his failure to advance the argument that the sentencing court lacked jurisdiction, other than to point out that his prior attempts to attack his conviction were unsuccessful in the trial and appellate courts. Moreover, as the Government points out in its Response, the movant cannot demonstrate prejudice because his claims are utterly devoid of merit (Government's Response, pp. 16, 20-25). Finally, the movant cannot bring his claims within the miscarriage of justice exception to the cause and prejudice requirements, as he had made no colorable showing of factual innocence.

As noted above, the McCleskey court recognized the heavy burden collateral litigation imposed upon scarce federal judicial resources, thereby limiting time which may be spent resolving primary factual disputes. The instant case clearly illustrates the legitimacy of that concern. The movant has caused the expenditure of countless hours of judicial time in the trial and appellate courts in his efforts to litigate and relitigate the same issues in various guises. The undersigned believes, based upon the principles set forth in McCleskey and in 28 U.S.C. §2244, that no additional expenditure of resources is warranted, and the movant's conviction should be deemed valid and final.

10

## CONCLUSION

This Court has reviewed carefully the record in this matter as well as the applicable law, and being fully advised in the premises, it is hereby

RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Norman C. Roettger, Chief United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (en banc).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 23rd day of April, 1992.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
LURANA S. SNOW

Copies to:

Mr. Vincent Victor Roggio
No. 18746-004
Federal Correctional Institution
P. O. Box 34550
Memphis, TN 38184-0550

AUSA Carolyn Heck
155 South Miami Avenue
Miami, FL 33130